T.C. Memo. 2006-71

UNITED STATES TAX COURT

STEPHEN DARYL ROYAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5447-05L.                    Filed April 11, 2006.

Stephen Daryl Royal, pro se.

<u>Bradley C. Plovan</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Petitioner filed the petition in this case
in response to a notice of determination concerning collection
action(s) under section 6320[1] and/or 6330 (notice of determina-
tion).

---

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.

We must decide whether respondent abused respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable years 1997, 1998, 1999, and 2000. We hold that respondent did not abuse respondent's discretion.

## Background

Virtually all of the facts have been stipulated by the parties and are so found.

At the time petitioner, who retired as an employee of the U.S. Government in 2002, filed the petition in this case, his legal residence was in Baltimore City, Maryland.

On various dates, respondent assessed petitioner's Federal income tax (tax), as well as any additions to tax and interest as provided by law, for each of his taxable years 1997, 1998, 1999, and 2000. (We shall refer to those assessed amounts, as well as any interest as provided by law accrued after the respective assessment dates, as petitioner's unpaid liabilities for 1997, 1998, 1999, and 2000.) After respondent made the assessments for petitioner's taxable year 1997, respondent abated certain as-sessed amounts of petitioner's tax, additions to tax, and inter-est as provided by law for that year. Thereafter, on different dates in 2003 and 2004, respondent applied as credits to the remaining unpaid liability for 1997 certain overpayments from certain other taxable years of petitioner. Thereafter, on August

9, 2004, respondent debited petitioner's account for his taxable year 1997 in the amount of $6 for "FEES AND COLLECTION COSTS". On August 16, 2004, respondent credited petitioner's account for that year in the amount of $853.74 to reflect a payment that petitioner made on August 12, 2004.

Respondent issued to petitioner respective notices of balance due with respect to petitioner's unpaid liabilities for 1997, 1998, 1999, and 2000, as required by section 6303.

On or about July 8, 2004, respondent prepared and filed a notice of Federal tax lien with respect to petitioner's unpaid liabilities for 1997, 1998, 1999, and 2000.

On July 15, 2004, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of lien) with respect to petitioner's unpaid liabilities for 1997, 1998, 1999, and 2000. On August 9, 2004, in response to the notice of lien, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).

Respondent's Appeals officer (Appeals officer) held a hearing with petitioner. Petitioner claimed, inter alia, that he had no assets with which to pay petitioner's unpaid liabilities for 1997, 1998, 1999, and 2000 and that he had made certain payments against certain of those unpaid liabilities but that respondent did not properly credit such payments.

On February 22, 2005, the Appeals Office issued to petitioner a notice of determination.  The notice of determination stated in pertinent part:  "The determination of Appeals is that the filing of the notice of federal tax lien was appropriate and is sustained."  An attachment to the notice of determination stated in pertinent part:

**SUMMARY AND RECOMMENDATION**

\*       \*       \*       \*       \*       \*       \*

The filing of the Notice of Federal Tax Lien was appropriate and is sustained for all of the periods listed above [1997, 1998, 1999, and 2000].

\*       \*       \*       \*       \*       \*       \*

**DISCUSSION AND ANALYSIS**

**Verification of Legal and Procedural Requirements**

The basic requirements before the IRS may file a notice of federal tax lien include providing the taxpayer with a notice that the tax is due, and the taxpayer's neglect or refusal to pay.  The IRS must notify the taxpayer of their right to a hearing before Appeals after filing the notice of tax lien.  With the best information available, the requirements of various applicable law and administrative procedures have been met.  The taxpayer was provided an opportunity to present any relevant issues regarding the unpaid tax and proposed collection action.  The Settlement Officer named above has had no prior involvement with respect to these liabilities.

**Related Issues Presented by the Taxpayer**

A telephonic hearing was held on December 14, 2004.  You were advised that the decision to file a notice of federal tax lien is not based solely on your available assets or your ability to pay.  Based on the amount of your tax liability and your refusal or neglect to pay the filing of the notice of federal tax was appropriate

in your case.

During your conference you stated that payments have
been made that have not been correctly credited to your
account.  You were to provide proof of payment for
Appeals to review by December 31, 2004.  To date you
have not provided any information on possible missing
payments for Appeals to review.  Without verification
of payment Appeals cannot make the determination that
your account has been satisfied and release the notice
of federal tax lien.  The assessed balances due as
listed on the notice of federal tax lien were correct
according to IRS records at the time of lien filing.
The notice of lien cannot be released until your tax
liability is paid in full.

**Balancing efficient tax collection with intrusiveness**

IRC section 6320 requires that the Appeals Officer
balance the need for efficient collection of taxes with
the legitimate concern that any collection action be no
more intrusive than necessary.  I find that the filing
of a notice of federal tax lien is not unnecessarily
intrusive because an assessment was made, you were
notified of the assessment and there was refusal or
neglect to pay.  The notice of federal tax lien is
necessary for the efficient collection of the tax
liability.

<u>Discussion</u>

At trial, petitioner informed the Court that the only basis

on which he is contesting the Federal tax lien filed by respon-

dent with respect to the unpaid liabilities for 1997, 1998, 1999,

and 2000 is that he does not have the ability to pay those

liabilities.[2]

---

[2]At trial, petitioner did not claim that he made payments
toward the unpaid liabilities for 1997, 1998, 1999, and 2000 that
respondent did not properly credit.  We conclude that petitioner
has abandoned that claim.  We note that although the Court gave
petitioner the opportunity to file a brief in this case, he
(continued...)

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner's position is based solely on his alleged inability to pay the unpaid liabilities for 1997, 1998, 1999, and 2000. However, the record does not indicate that petitioner proposed any collection alternatives to the Appeals officer.[3] Nor does petitioner propose any such alternatives to the Court. Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable years

---

[2](...continued) failed to do so. We thus address only the argument that petitioner advanced at the trial in this case.

[3]At trial, petitioner acknowledged that he did not submit an offer in compromise to the Appeals officer. According to petitioner,

> I didn't submit an offer in compromise to * * * [the Appeals officer], nor did I submit a proposal to pay based on my financial situation, which I explained to him was pretty much hardship. I am again still on limited income. I don't see where I have the extra money to make a payment plan. If I set up a payment plan, I will more than likely go into default.

1997,[4] 1998, 1999, and 2000.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[4]The notice of Federal tax lien that respondent prepared and filed showed an unpaid liability of $858.74 for petitioner's taxable year 1997. That notice was prepared on July 8, 2004, before respondent (1) debited petitioner's account for 1997 for "FEES AND COLLECTION COSTS" of $6 and (2) credited that account for the $853.74 payment that petitioner made on Aug. 12, 2004. As of Aug. 16, 2004, petitioner's account for his taxable year 1997 showed that he had an unpaid liability of $11. That liability, as well as any interest as provided by law, is the correct amount of petitioner's unpaid liability for 1997.